John D. Bennett, J.
This is a probate proceeding which has been pending since January 15, 1973. The decedent died survived by a husband who was alleged to be incapacitated and who was named as her executor and sole beneficiary in her will.
In connection with the right to letters testamentary, the court rendered a decision dated July 10, 1973, directing the issuance of letters testamentary to the petitioner, who was one of the two substituted coexecutors, directing him to file an accounting complying with rule 1830.25 of the court. (22 NYCRR 1830.25.)
Subsequently there were numerous letters from the various parties interested in this estate but nothing was done either by the petitioner or his then attorney to comply with the decision of the court.
In a letter dated November 2, 1973, forwarding a stipulation of substitution of attorneys for the executor, the substituted attorney stated that he would take the necessary steps to complete the probate. Nothing further was done until the court made its own inquiry concerning the délay in probate.
The substituted attorney then filed an affidavit, sworn to the 23rd day of April, 1974, stating that the decedent’s husband had died on July 14, 1973, that the petitioner was the named executor in the husband’s will and that the attorney would represent the executor in the probate of the husband’s will. Lastly, he stated that the assets in the estate of the decedent herein consisted of a parcel of real property held in the name of the decedent and her husband as tenants by the entirety, and two bank accounts jointly held by the decedent and her husband.
The report of the guardian ad litem appointed by the court to protect the interests of the decedent’s incapacitated husband indicated that she was unable to ascertain the nature of the decedent’s assets from either the petitioner or his then attorney.
If the afore-mentioned assets are the sole assets in which the decedent had any interest, then there is no need to probate the decedent’s will since these assets pass by operation of law to the surviving spouse.
All too often petitions are filed in this court where there is no need for probate of the decedent’s will because the only assets in which the decedent had any interest passed by operation of law to a surviving joint tenant.
*7 Paragraph (9) of the court’s printed probate petition reads as follows :“(9) To the best of the knowledge of the undersigned, the approximate total value of all property constituting the decedent’s gross estate passing by said will is less than $ (Emphasis supplied.)
In the margin of the form is the following legend: “ Do not include \any assets which pass by operation of law, such \as life insurance payable to named beneficiaries; jointly owned read estate, bank acc’ts. etc ”
If the probate proceeding, which was unnecessary, had not been instituted, a great deal of expense and delay would have been avoided. As a result of the unnecessary delay in this proceeding, no estate tax proceedings have been filed, subjecting the estate to an interest, penalty as well as depriving the surviving joint tenant of the use of the funds which belonged to him on the death of his wife.
The petition for probate should be withdrawn.